UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



IN RE: SUBPOENA TO CENTRALSQUARE
TECHNOLOGIES, INC.

In Connection With:

Heather Nicole Durham, on behalf of herself
and others similarly situated,

v.

City of Charlotte, a North Carolina municipal
corporation,

Case No. 3:21-cv-00638-RJC-SCR
United States District Court
Western District of North Carolina
Charlotte Division

23MC42

# MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OR TO TRANSFER MOTION TO THE WESTERN DISTRICT OF NORTH CAROLINA

NOW COMES Petitioner, Heather Nicole Durham, and respectfully moves the Court pursuant to Rules 27, 30, 37, and 45 for an order:

1. Transferring this Motion to the United States District Court for the Western District of North Carolina pursuant to Rule 45(f) of the Federal Rules of Civil Procedure. (Counsel for CentralSquare has indicated to counsel for Petitioner that CentralSquare consents to the transfer to the Western District of North Carolina.) Or, in the alternative,

1

2. Compelling third party CentralSquare Technologies, LLC ("CentralSquare") to comply with Petitioner's amended *Subpoena to Testify at a Deposition in a Civil Action* (the "Subpoena," attached hereto as Exhibit A, along with Proof of Service, Ex. B.).

The information which Petitioner seeks to obtain through the deposition and the production request described in the Subpoena is vital to Petitioner's above-referenced case pending in the Western District of North Carolina captioned *Heather Nicole Durham, on behalf of herself and others similarly situated, v. City of Charlotte, a North Carolina Municipal Corporation*, W.D.N.C. action no. 3:21-cv-00638-RJC-SCR. (The "Underlying Action").

Petitioner's claim in the Underlying Action arises out of the City of Charlotte's alleged violation of the federal Driver's Privacy Protection Act of 1994 (the "DPPA"). *See* 18 U.S.C. §§ 2721-2725. "The DPPA regulates the disclosure of personal information contained in the records of state motor vehicle departments (DMVs). Disclosure of personal information is prohibited unless for a purpose permitted by an exception listed in 1 of 14 statutory subsections." *Maracich v. Spears*, 570 U.S. 48, 52, 133 S. Ct. 2191, 2195 (2013).

In her complaint in the Underlying Action, Petitioner alleges, among other things, that City of Charlotte's police department, the Charlotte Mecklenburg Police Department ("CMPD"), obtained the DPPA-protected personal information of Petitioner and other drivers from North Carolina's DMV, placed that information in accident reports, and then disclosed those accident reports to others for the purpose of marketing—a purpose which is not permitted by the DPPA.

2

The information which Petitioner seeks from CentralSquare pursuant to the Subpoena will provide proof that Petitioner's DPPA-protected personal information (and that of the putative class members) which the City of Charlotte disclosed in violation of the DPPA came from North Carolina's DMV.

CentralSquare admits that it has the information sought in the Subpoena, but it objects to producing that information, despite the fact that CentralSquare produced a subset of the subpoenaed information in an earlier lawsuit involving similar issues.

Counsel for Petitioner hereby certifies that he and counsel for CentralSquare have conferred and attempted in good faith to resolve areas of disagreement regarding compliance with the Subpoena but have been unable to reach a resolution on this discovery dispute without Court action. The conferring process is shown, in part, by the subpoena-related communications contained in attached Exhibits C through N further identified below.

- Exhibit C: 8/3/23 email from CentralSquare counsel Andrew Koelz to Petitioner's counsel acknowledging receipt of subpoena and requesting discussion.

- Exhibit D: 8/4/23 email from Petitioner's counsel John Bloss to CentralSquare counsel and counsel for the City of Charlotte (the "City") mentioning earlier phone conference on the same day with counsel for CentralSquare and the City, and asking questions about the requested data, including whether the City would authorize CentralSquare to produce the requested data.

- Exhibit E; 8/4/23 email from counsel for City to counsel for Petitioner and CentralSquare clarifying that her recollection of discovery in *Hensley v. City of Charlotte* [an earlier case involving similar issues] was that the City was not in custody or control of the requested data.

- Exhibit F: 8/8/23 email and letter from CentralSquare' counsel to Petitioner's counsel containing objections to the Subpoena on the following grounds: confidentiality, undue burden, information in control of parent company, relevance and proportionality, and insufficient time. The letter also recounted the 8/4/23 phone conference with Petitioner's counsel which included discussion of production of crash report data and CentralSquare's willingness to create a "scaled down environment" accessible to credentialed users.

- Exhibit G: 8/19/23 email from CentralSquare counsel to Petitioner's counsel stating that the City, with instructions to be provided by CentralSquare, should be able to provide data sought by the Subpoena to CentralSquare.

- Exhibit H: 10/5/23 email from Petitioner's counsel, David Stradley, to CentralSquare counsel recounting a phone call with CentralSquare counsel during which Petitioner's counsel posed questions involving the cost, content, and usability of the "limited environment" which CentralSquare had mentioned. In the email, Petitioner's counsel also recounted that CentralSquare would not agree to provide a declaration stating that CentralSquare could provide the requested data to the City.

4

- Exhibit I: 10/11/23 email from Petitioner's counsel to CentralSquare counsel asking for responses to the questions posed on 10/5/23.

- Exhibit J: 10/11/23 email from CentralSquare counsel to Petitioner's counsel stating that he had most of the information sought by the 10/5/23 questions but needed an additional piece of information before he could answer the questions.

- Exhibit K: 10/12/23 email from CentralSquare counsel to Petitioner's counsel stating that the "scaled down environment" would not provide access to the data sought by Petitioner nor would it allow data to be used in a manner sought by Petitioner; instead, a credentialed user of the scaled-down data could "extract the crash report data and dataclip metadata one report at a time." The email further stated that in discovery in an earlier case involving similar issues—*Hensley v. City of Charlotte*—"CentralSquare provided a trimmed down version of the database and a tool to look up and extract the crash report data and dataclip metadata. As we have stated, CentralSquare will not produce the crash report data and dataclip metadata in the same form as last time." The email further reviewed the predicted expenditure of time that would be required with various levels of production and it confirmed that CentralSquare would not produce the data in the same form that it did in the earlier *Hensley* case.

- Exhibit L: 10/13/23 email from CentralSquare counsel to counsel for Petitioner recounting a phone conference of the same date, reciting

5

Petitioner's offer to pay in the range of $10,000 for production of data in the form requested, and stating that production would cost more than $10,000 and could not be done 11/1/23. The email also mentioned the non-feasibility of some other alternative methods of production.

- Exhibit M: 10/14/23 email from Petitioner's counsel to CentralSquare's counsel stating that Petitioner would have to move to compel compliance with the Subpoena in the same format that CentralSquare had provided in the earlier case. The email also asked if CentralSquare would consent to having the motion to compel transferred to the Western District of North Carolina.

- Exhibit N: 10/16/23 email from CentralSquare's counsel to Petitioner's counsel consenting to transferring the motion to compel to the Western District of North Carolina.

(Remainder of this page intentionally left blank.)

6

Case 1:23-mc-00042-UA-JEP   Document 1   Filed 10/27/23   Page 6 of 8

In further support of this Motion, Petitioner is contemporaneously filing a brief.

WHEREFORE, Petitioner requests that this Court enter an order:

1. Transferring this motion to the Western District of North Carolina pursuant to Rule 45(f), or
2. Requiring CentralSquare to comply with the Subpoena in all respects.

Respectfully submitted, this the 27th day of October 2023.

Andrew H. Brown
N.C. Bar No. 28450
drew@greensborolawcenter.com
BROWN, FAUCHER, PERALDO & BENSON, PLLC
822 N. Elm Street, Suite 200
Greensboro, North Carolina 27401
Telephone:(336) 478-6000

/s/ J. David Stradley
J. David Stradley
N.C. State Bar No. 22340
stradley@whiteandstradley.com
WHITE & STRADLEY, PLLC
3105 Charles B. Root Wynd
Raleigh, North Carolina 27612
Telephone: (919) 844-0400

/s/ John F. Bloss
John F. Bloss
N.C. State Bar No. 23947
jbloss@greensborolaw.com
Frederick L. Berry
N.C. State Bar No. 9696
fberry@greensborolaw.com
HIGGINS BENJAMIN, PLLC
301 North Elm Street, Suite 800
Greensboro, North Carolina 27401
Telephone:(336) 273-1600

*Attorneys for Petitioner*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was this day served upon all interested parties by depositing a copy of same in a prepaid, properly addressed envelope, in an official depository under the exclusive care and custody of the United States Post Office, addressed as follows:

>Patrick H. Flanagan
>Stephanie H. Webster
>**Cranfill Sumner LLP**
>PO Box 30787
>Charlotte, NC 28230
>
>Andrew S. Koelz
>**Hunton Andrews Kurth LLP**
>Suite 4100
>600 Peachtree Street, N.E.
>Atlanta, GA. 30308

This the 27th day of October, 2023.

_/s/ Andrew H. Brown_
Andrew H. Brown
N.C. Bar No. 28450
drew@greensborolawcenter.com
BROWN, FAUCHER, PERALDO & BENSON, LLC
822 N. Elm Street, Suite 200
Greensboro, North Carolina 27401
Telephone:(336) 478-6000